UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BODYGUARD PRODUCTIONS, INC., | ) CIVIL NO. 18-00276 JAO-RLP |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION TO  ) GRANT IN PART AND DENY IN PART |
| vs. | ) PLAINTIFF'S MOTION FOR DEFAULT  ) JUDGMENT AGAINST DEFENDANT KEITH |
| DOE 1 d/b/a showboxappdownload.com, and KEITH NORTON, | ) NORTON |
| Defendants. | ) |

FINDINGS AND RECOMMENDATION TO GRANT IN PART
AND DENY IN PART PLAINTIFF'S MOTION FOR DEFAULT
JUDGMENT AGAINST DEFENDANT KEITH NORTON[1]

Before the Court is Plaintiff's Motion for Default Judgment Against Defendant Keith Norton, filed on November 13, 2018 ("Motion"). ECF No. 28. Defendant Keith Norton ("Defendant Norton") was served with a copy of the Motion, but did not file an opposition or otherwise respond to the Motion. See ECF No. 28-8. The Court found the Motion suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii. ECF No. 29. After careful consideration of the Motion, the declaration, exhibits, and the record established in this

---

[1] Within fourteen (14) days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

action, the Court FINDS AND RECOMMENDS that the Motion be GRANTED IN PART AND DENIED IN PART.

## BACKGROUND

Plaintiff's complaint alleges claims for direct copyright infringement against Defendant Norton.  ECF No. 1.  Plaintiff alleges that Defendant Norton, who resides in Maui County, Hawaii, used the BitTorrent client software application Show Box to duplicate and distribute, without Plaintiff's permission, "The Hitman's Bodyguard," a motion picture whose registered copyright is owned by Plaintiff, on or about August 28, 2017.  Id. ¶¶ 8, 22.  Plaintiff alleges that Defendant Norton's conduct has infringed Plaintiff's exclusive rights in violation of 17 U.S.C. § 106(1) and (3)-(5), causing Plaintiff monetary damages and irreparable harm.  Id. ¶¶ 49-75.

Defendant Norton was personally served with the Complaint on July 30, 2018.  ECF No. 12.  Plaintiff moved for entry of default against Defendant Norton on August 28, 2018.  ECF No. 16.  After Defendant Norton failed to appear, the Clerk of Court entered default against Defendant Norton on August 28, 2018.  See ECF No. 17.  The present Motion followed, requesting an award of statutory damages, a permanent injunction, and attorney's fees and costs.  ECF No. 28.

ANALYSIS

Default judgment may be entered for the plaintiff if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain[.]" Fed. R. Civ. P. 55(b)(1), (2). The granting or denial of a motion for default judgment is within the discretion of the court. Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986). Entry of default does not entitle the non-defaulting party to a default judgment as a matter of right. Valley Oak Credit Union v. Villegas, 132 B.R. 742, 746 (9th Cir. 1991). Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). The court should consider the following factors in deciding whether to grant a motion for default judgment:

    (1) the possibility of prejudice to the plaintiff;

    (2) the merits of plaintiff's substantive claim;

    (3) the sufficiency of the complaint;

    (4) the sum of money at stake in the action;

    (5) the possibility of a dispute concerning material facts;

    (6) whether the default was due to excusable neglect; and

>     (7)  the strong policy underlying the Federal
>          Rules of Civil Procedure favoring
>          decisions on the merits.

Id. at 1471-72.

On default "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)).  The allegations in the complaint regarding liability are deemed true, but the plaintiff must establish the relief to which it is entitled. Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).  Also, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)).

**A.   Jurisdiction**

Before considering the merits of default judgment, the Court has an affirmative obligation to determine whether or not it has subject matter jurisdiction over this action and personal jurisdiction over Defendant.  See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the

judgment in the first place."). The Court has subject matter jurisdiction over Plaintiff's federal claims under 28 U.S.C. §§ 1331, 1338 and 17 U.S.C. §§ 101 et seq. The Court also has personal jurisdiction over Defendant Norton because Plaintiff alleges that Defendant Norton is a resident of Hawaii, ECF No. 1 ¶¶ 5, 20, and Defendant Norton was personally served on July 30, 2018, in Hawaii. See ECF No. 12.

### B. Eitel Factors

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate under the Eitel factors outlined above.

#### I. The Possibility of Prejudice to Plaintiff

The first factor considers whether Plaintiff would suffer prejudice if default judgment is not entered. See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, absent entry of default judgment, Plaintiff would be without another recourse for recovery. Accordingly, the first Eitel factor favors default judgment.

#### II. Merits of Plaintiff's Substantive Claims

As noted above, for purposes of liability the factual allegations in the complaint are taken as true on default. See TeleVideo Sys., Inc., 826 F.2d at 917-18; Fair Hous. of Marin, 285 F.3d at 906. Here, the allegations in Plaintiff's Complaint, taken as true, establish that Plaintiff is entitled to default

judgment against Defendant Norton.

Plaintiff has made a prima facie showing of copyright infringement.  A plaintiff asserting a copyright infringement claim must prove "(1) ownership of the copyright; and (2) infringement—that the defendant copied protected elements of the plaintiff's work."  Three Boys Music Corp. v. Bolton, 212 F.3d 477, 481 (9th Cir. 2000).  Plaintiff has alleged that: (1) it owns and has registered the copyrighted work at issue; (2) Defendant Norton reproduced and distributed the work without authorization; and (3) Plaintiff was damaged by Defendant Norton's actions.  ECF No. 1 ¶¶ 22-24, 26, 56.  These allegations are minimally sufficient to state a claim for copyright infringement.  Accordingly, the merits of Plaintiff's claims weigh in favor of default judgment.

### 3. Sufficiency of the Complaint

As discussed above, the allegations in the Complaint are sufficiently pled.  The Court finds that the sufficiency of the Complaint weighs in favor of default judgment.

### 4. Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct."  PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472).  Under the Copyright Act, a plaintiff may elect to seek actual damages attributable to the infringement or statutory damages of

"not less than $750 or more than $30,000." 17 U.S.C. § 504(b), (c). Here, Plaintiff seeks statutory damages of $750 and attorneys' fees, costs, and taxes of $4,409.54. ECF No. 28 at 2. The damages requested are directly related to Defendant Norton's specific wrongful conduct in infringing Plaintiff's copyrighted work. The Court finds that this factor weighs in favor of default judgment.

    **5.    Possibility of Dispute Concerning Material Facts**

As noted above, the well-pled factual allegations of the Complaint, except those relating to the amount of damages, will be taken as true. TeleVideo Sys., Inc., 826 F.2d at 917-18. Defendant Norton has been given a fair amount of time to answer the Complaint and deny that he infringed Plaintiff's work; Defendant Norton has not done so. Because no dispute has been raised regarding Plaintiff's material factual allegations, this factor favors default judgment.

    **6.    Whether Default was Due to Excusable Neglect**

The Court finds that Defendant Norton's default was not the result of excusable neglect. Plaintiff served Defendant Norton with the Complaint on July 30, 2018. ECF No. 12. Defendant Norton did not file a response to Plaintiff's Complaint. In addition, Plaintiff served Defendant Norton with notice of this Motion on November 13, 2018. ECF No. 28-8.

Despite ample notice of this lawsuit and Plaintiff's intention to seek a default judgment, Defendant Norton has not appeared in this matter to date. The record suggests that Defendant Norton's default was not the result of any excusable neglect, but rather due to Defendant Norton's conscious and willful decision not to defend this action. Consequently, this factor favors default judgment.

### 7. Policy Favoring Decisions on the Merits

Defendant Norton's default makes a decision on the merits impractical, if not impossible. Under Rule 55, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." PepsiCo., Inc., 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D. Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh Eitel factor is not alone dispositive"). Here, Defendant Norton has failed to defend this action and has consequently rendered adjudication on the merits before this Court impracticable. This factor does not preclude the Court from entering default judgment against Defendant Norton.

### 8. Totality of Eitel Factors

The Court finds that the totality of the factors weigh in favor of entering default judgment in Plaintiff's favor and against Defendant Norton.

**C. Remedies**

Although Defendant Norton's default establishes his liability, it does not establish the amount of damages or other relief to which Plaintiff is entitled. See Fair Hous. of Marin, 285 F.3d at 906. Plaintiff must provide evidence to support its requested relief and the relief "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Here, Plaintiff requests that the Court: (1) issue a permanent injunction prohibiting Defendant Norton from infringing Plaintiff's copyrighted work and from knowingly and willfully using BitTorrent or the Internet for copying or downloading content in violation of U.S. copyright law in the future; (2) issue an order requiring Defendant Norton to destroy all illegal copies of the infringed work; (3) statutory damages of $750; and (4) attorney's fees, taxes, and costs of $4,409.54. ECF No. 28-1 at 13-14, 16, 21.

First, regarding the requested permanent injunction, "the district court [has] the 'power to grant injunctions according to principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right' of the trademark owner." Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1137 (9th Cir. 2006) (citing 15 U.S.C. § 1116(a)). Under the Copyright Act, courts may "grant temporary and final

injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502.  To be entitled to a permanent injunction, Plaintiff must demonstrate: (1) irreparable harm; (2) lack of adequate remedies at law; (3) the balance of hardships favoring Plaintiff; and (4) that the injunction is in the public's interest.  eBay, Inc. v. MercExchange, LLC, 547 U.S. 388, 393-94 (2006).

Plaintiff provides no evidence that Defendant Norton currently possesses the infringed work, or any illegally downloaded works.  Plaintiff provides no evidence that Defendant Norton currently possesses or uses any file-sharing software.  Plaintiff has not provided evidence that Defendant Norton is committing an ongoing infringement.  Therefore, Plaintiff has not established irreparable harm, lack of adequate remedies at law, or that the balance of hardships favors Plaintiff.  Accordingly, the Court finds that Plaintiff is not entitled to a permanent injunction.

Second, regarding Plaintiff's request for an order that Defendant Norton destroy all copies of the infringed work and file-sharing software, the Copyright Act authorizes a court to order the "destruction or other reasonable disposition" of copies of the infringed work.  17 U.S.C. § 503(b).  Based on the allegations in the Complaint, the Court recommends that Plaintiff's request for an order that Defendant Norton destroy

all copies of the infringed work and file-sharing software be granted.

Third, Plaintiff requests statutory damages of $750. ECF No. 28-1 at 13.  Under the Copyright Act, a plaintiff may elect to seek actual damages attributable to the infringement or statutory damages of "not less than $750 or more than $30,000." 17 U.S.C. § 504(b) and (c).  Statutory damages under the Copyright Act are intended to punish and deter infringements and compensate plaintiffs.  Dream Games of Arizona, Inc. v. PC Onsite, 561 F.3d 983, 992 (9th Cir. 2009).  Here, Plaintiff requests $750, which is the minimum statutory damages for the copyrighted work infringed by Defendant Norton.  The Court finds that the minimum statutory damages are appropriate to deter and punish Defendant Norton's conduct and to compensate Plaintiff.

Finally, Plaintiff requests attorney's fees, taxes, and costs.  ECF No. 28-1 at 16-22.  Plaintiff requests an award of $3,962.50 in attorney's fees, which reflects 13.85 hours of work at a rate of $250 per hour, plus $144.04 for Hawaii General Excise Tax, and $303.00 in costs.  Id. at 21.  The Copyright Act provides that a court may award costs and reasonable attorneys' fees to the prevailing party.  17 U.S.C. § 505.  In determining whether to award fees, courts should consider "the degree of success obtained; frivolousness; motivation; objective unreasonableness (both in the factual and legal arguments in the

case); and the need in particular circumstances to advance considerations of compensation and deterrence." Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc., 259 F.3d 1186, 1197 (9th Cir. 2001); see also Mattel, Inc. v. MGA Entm't, Inc., 705 F.3d 1108, 1111 (9th Cir. 2013) ("The most important factor in determining whether to award fees under the Copyright Act, is whether an award will further the purposes of the Act."). In considering these factors, the Court finds that an award of fees is appropriate here. Regarding the amount of fees to be awarded, "the district court applies the lodestar method, multiplying the number of hours expended by a reasonable hourly rate." Ryan v. Editions Ltd. W., Inc., 786 F.3d 754, 763 (9th Cir. 2015) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). The Court finds that the hourly rate of $250 requested by Plaintiff's counsel is reasonable. See Cook Prods., LLC v. Stewart, No. CV 17-00034 ACK-RLP, 2017 WL 4797513, at *6 (D. Haw. Oct. 24, 2017)(awarding counsel $250 per hour). However, the Court finds that the 13.85 hours requested are unreasonable. As recognized by Senior District Judge Susan Oki Mollway in a similar case in this district, most of the documents prepared by counsel in these infringement actions are based on form documents submitted to the court in other cases. See ME2 Prods., Inc. v. Pumaras, No. CV 17-00078 SOM/RLP, 2017 WL 4707015, at *7 (D. Haw. Oct. 19, 2017). The present case follows substantially the same

procedure as several other cases previously heard before this Court.  The Court therefore finds that an award of one hour appropriately compensates Plaintiff for the time that its attorney reasonably spent working on this case.  See <u>ME2 Prods., Inc.</u> 2017 WL 4707015, at *7 (awarding the plaintiff attorneys' fees for one hour of work).  The Court recommends that the district court grant Plaintiff's request for attorney's fees in the amount of $250.

Plaintiff also requests $303 in costs for service and filing costs.  ECF No. 28-1 at 21-22.  The Court finds that the costs requested by Plaintiff are reasonable.  In total, the Court recommends that the district court award $553 in attorneys' fees and costs.

## CONCLUSION

The Court FINDS and RECOMMENDS that Plaintiff's Motion for Default Judgment Against Defendant Keith Norton be GRANTED IN PART AND DENIED IN PART as follows:

(1)  Default judgment be entered in Plaintiff's favor and against Defendant Keith Norton;

(2) Plaintiff's request for a permanent injunction prohibiting Defendant Norton from infringing on Plaintiff's copyrighted work and refraining from knowingly and willfully using BitTorrent or the Internet to copy or download content in violation of U.S. copyright laws in the future be DENIED;

   (3) Plaintiff's request for the court to issue an order requiring Defendant Norton to destroy all illegal copies of Plaintiff's work and the software used for the alleged infringement be GRANTED;

   (4) Plaintiff be GRANTED an award of $750 in statutory damages; and

   (5) Plaintiff be GRANTED an award of $553 in attorney's fees and costs.

   IT IS SO ORDERED.

   DATED AT HONOLULU, HAWAII, DECEMBER 12, 2018.

_____
Richard L. Puglisi
United States Magistrate Judge

**BODYGUARD PRODUCTIONS, INC. v. DOE 1, ET AL.; CIVIL NO. 18-00276 JAO-RLP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT KEITH NORTON**