CULPEPPER IP, LLLC
Kerry S. Culpepper, Bar No. 9837
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740
Telephone: (808) 464-4047
Facsimile: (202) 204-5181
E-Mail: kculpepper@culpepperip.com

Attorney for Plaintiff
Bodyguard Productions, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Bodyguard Productions, Inc. | Case No.: 1:18-cv-00276-JAO-RLP |
| | (Copyright) |
| Plaintiff, | |
| vs. | PLAINTIFF'S WRITTEN OBJECTIONS TO MAGISTRATE |
| DOE 1 et al., | JUDGE'S FINDINGS AND RECOMMENDATIONS |
| Defendants. | GRANTING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT KEITH NORTON; CERTIFICATE OF SERVICE |

PLAINTIFF'S WRITTEN OBJECTIONS TO MAGISTRATE JUDGE'S
FINDINGS AND RECOMMENDATIONS GRANTING IN PART PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT AGAINST
DEFENDANT KEITH NORTON

Plaintiff Bodyguard Productions, Inc. (hereafter: "Plaintiff"), by and through its attorney, Kerry S. Culpepper, hereby submits its Written Objections to Magistrate Judge Richard L. Puglisi's Findings And Recommendation (hereafter: "Recommendation") [Doc. #33] Granting In Part Plaintiff's Motion For Default Judgement against Defendant KEITH NORTON (hereafter: "Defendant") pursuant to 28 U.S.C. § 636 (b) (1) (C), Rule 72(b) of the Federal Rules of Civil Procedure ("FRCP") and Rule 74.2 of the Local Rules of Practice ("LR"). Particularly, Plaintiff objects to the findings that: (1) Plaintiff is not entitled to a permanent injunction; and (3) Plaintiff's request for an award of attorneys' fees and taxes be limited to only $250.

## I.   **BRIEF FACTUAL BACKGROUND**

Plaintiff is a Nevada corporation that produced the motion picture *The Hitman's Bodyguard* (hereafter: the "Work") and owns the copyright for the Work under registration number PA 3-844-508. *See* [Doc. #1-3]. The Work stars Ryan Reynolds as the world's top bodyguard, and Samuel L. Jackson as a hitman and his new client. *See* [Doc. #1 at ¶9]. The Work tells the story of how the hitman and the bodyguard must put aside their differences and work together so that the hitman can testify at the International Court of Justice. [Id.]. The Work was released in theaters in the United States on August 18, 2017 and throughout the world in over 40

2

countries. *See* [Doc. #28-1].  Accordingly, Plaintiff's production and marketing of the motion picture worldwide shares little resemblance to entities hiding in the shadows, buying the copyrights to pornographic films (without creating anything), and seeking settlements from crowds of John Does embarrassed that they were "caught" downloading tawdry titles. *See AF Holdings, LLC v. Does* 1–1058, 752 F.3d 990, 992 (D.C. Cir. 2014) (describing the "modus operandi" of a copyright troll).

Defendant used the BitTorrent client software application Show Box (hereafter: the "Show Box app") to download and share copies of the Work on 2017-08-28 21:01:23 (UTC), thereby infringing the Plaintiff's exclusive rights in the Work. *See* [Doc. #1 at ¶¶22-24, 35].  Notably, Defendant's infringement was less than two weeks from the initial US theater release of the Work. *See* [Doc. #28-1].

Accordingly, Plaintiff commenced this action by filing its Complaint on July 17, 2018 against Defendant DOE 1 d/b/a showboxappdownload.com (the website that distributed the Show Box app to Defendant) and Defendant.  [Doc. #1].  Plaintiff personally served Defendant KEITH NORTON (hereafter: "Defendant") with a summons on July 30, 2018, making his answer due on Aug. 20, 2018. See Fed. R. Civ. P. 12(a)(1)(A).  [Doc. #12].  When Defendant failed to appear, plead, or otherwise defend, Plaintiff filed a Rule 55(a) request for the entry of default on

August 27, 2018 [Doc. # 16], which was promptly granted by the Court. [Doc. # 17].

Plaintiff filed a Motion for Default Judgment [Doc. #28] on November 13, 2018.

## II.  ARGUMENT

Plaintiff respectfully requests that the Court review the Recommendation and make a *de novo* determination whether Plaintiff is entitled to a permanent injunction and an award of attorney's fees of $3,962.50 and taxes of $144.04. When a party objects to a magistrate judge's findings or recommendations, the district court must review *de novo* those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *See* 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) ("[T]he district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise.").

## A.   Plaintiff should be entitled to the Requested Permanent Injunction and Order.

In the portion of the Recommendation denying Plaintiff's request for a permanent injunction and order, it was asserted that Plaintiff has provided no evidence that Defendant currently possesses the infringed work, any illegally downloaded work, the file-sharing software or is committing ongoing infringement. *See* [Doc. #33 at pg. 10].  However, as alleged in paragraph 45 of the Complaint, the

4

Defendant installed the Show Box app on his device and used it to download a copy of the Work and share it with a third party. [Doc. #1 at ¶¶45-48]. Because of the way the Show Box app operates, every downloader of the content is also an uploader; thus, the distributed nature of the Show Box app leads to a rapid, almost viral, spreading of a file through other users. [Doc. #1 at ¶38]. Such widespread and uncontrolled infringement is, by its very nature, irreparable.

Due to Defendant's refusal to communicate with Plaintiff's counsel, Plaintiff could not have the Rule 26 conference. Therefore, Plaintiff was unable to conduct discovery to determine if Defendant is continuing to infringe the Work. An assumption to the contrary would reward Defendant and punish Plaintiff for Defendant's failure to participate in this proceeding. Nonetheless, Plaintiff respectfully submits that Defendant's failure to appreciate the seriousness of this proceeding demonstrates that there is a high likelihood of continuing violations of Plaintiff's copyright if Defendant is not enjoined.

Further, because the default judgement was granted, the Defendant's liability was established. "As a general rule, a permanent injunction will be granted when liability has been established and there is a threat of continuing violations." *MAI Systems Corp. v. Peak Computer, Inc.,* 991 F.2d 511, 520 (9th Cir.1993). Moreover, irreparable harm is presumed in copyright infringement cases on a showing of success on the merits. See *A&M Records, Inc. v. Napster, Inc.*, 114 F.Supp.2d 896,

5

925 (N.D. Cal. 2000) reversed in part on other grounds, citing *Micro Star v. Formgen Inc.*, 154 F.3d 1107, 1109 (9th Cir.1998).  Accordingly, the inference should be that Defendant is still in possession of the Work and files.

The Plaintiff respectfully submits that the requested permanent injunction and order should be granted because liability has been established and Defendant has not asserted that he is no longer using the Show Box app.

**B.**    **The Court should award Plaintiff's Attorney's Fees of $3,962.50 and Taxes of $144.04.**

The Recommendation partially granted Plaintiff's request for Attorney's fees, but only for one hour ($250) based upon a conclusion "that most of the documents prepared by counsel in these infringement actions are based on form documents submitted to the court in other cases." [Doc. #33 at pgs. 12-13].

The Recommendation cited the decision by this Court of *ME2 Productions., Inc. v. Pumaras* in support of this conclusion.   [Id. at pg. 12], citing *ME2 Productions, Inc. v. Pumares,* Civ. No. 1:17-00078 SOM-RLP, Doc. #42, at 17 (D. Haw. Oct. 19, 2017), (hereafter "*ME2*").   In *ME2*, the Court initially noted that the reasoning of a Magistrate Judge in the Oregon District Case of *Cobbler Nevada, LLC v. Anonymous Users of Popcorn Time: Does 1–1* that the degree of success in BitTorrent copyright infringement cases was minimal because the fees spent to achieve the award were high in proportion to the $750 damage award "makes sense

6

to this court…" *ME2* at 14  (discussing *Cobbler Nevada, LLC v. Anonymous Users of Popcorn Time: Does 1–11*, 2016 WL 4238639, at \*3 (D. Or. Aug. 10, 2016)). The Court went on to note the number of individuals who had been sued by the Plaintiff and stated that to the effect that it would be a reasonable exercise of discretion to decline any attorney's fee award based upon the circumstances.  *See* Id.  However, this type of reasoning was criticized by the Ninth Circuit in *Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033 (9th Cir. 2018).  Particularly, in *Glacier Films*, the Ninth Circuit characterized the conclusion of the Magistrate Judge – the same Magistrate Judge as in *Cobbler Nevada* – that the degree of success in BitTorrent copyright infringement cases is minimal as "twisting total triumph" and "a flawed premise that mixes and matches actual success with the determination of a reasonable fee award." *Id.* at 1038.  Indeed, the Ninth Circuit pointed out that in the contrary they have expressed concern that a "small award for damages," without fees, may be "insufficient to deter future copyright infringements such as the one at issue here." Id. at 1039.  The Ninth Circuit pointed out that "individual cases nonetheless deserve to be judged on their own merits and not saddled with a blanket indictment against peer-to-peer copyright litigation. The sheer volume of suits should not preordain a court's fee determination in any one suit." Id. at 1038.  Accordingly, the reasoning of *ME2* which was relied on in the Recommendation was not appropriate.

The Court in *ME2* went on to conclude that an attorney's fee of merely $250 was appropriate based upon a comparison of documents filed in *ME2* and *Cook v. Gray, et al. ME2* at 17.   Plaintiff disagrees with the conclusion in the Recommendation that most of the documents prepared by counsel in the <u>present</u> infringement action are based on form documents submitted to this Court in other cases.  A cursory review of just the titles of docket entries in this case might lead one to mistakenly believe the present case was one of among typical BitTorrent copyright infringement cases.   However, closer examination shows that the documents prepared in the present case by Plaintiff's counsel differ significantly from those prepared in previous copyright infringement cases for direct infringement.  In the present case, the Plaintiff sued the distributor of the Show Box app (Defendant Doe 1) for contributing to the infringement of the Work based upon inducement and Defendant Keith Norton for direct infringement of the Work. [Doc. #1].  Joinder was based upon Defendant Keith Norton using the Show Box app distributed and promoted by Defendant Doe 1. [Id. at ¶25].   In comparison, in *ME2* the Plaintiff sued a number of individuals who joined in a "swarm" of infringers that used unspecified BitTorrent protocol software application(s) to share a version of the motion picture *Mechanic: Resurrection* represented by a common hash.  *See ME2* at 3.   That is, the complaints, although both for direct and contributory infringement, are different.

8

Moreover, the motion practice between the present case and *ME2* was different. In the present case, the Plaintiff filed a motion requesting early discovery to serve third party subpoenas on the registrant Domains By Proxy, LLC and registrar GoDaddy.com used by Defendant Doe 1 prior to the Rule 26 conference. *See* [Doc. #11-1 at pgs. 2-3]. Preparation of this motion required researching the ICANN records of the website at issue as well as numerous novel legal issues such as personal jurisdiction over an interactive website. Defendant KEITH NORTON's refusal to participated in the Rule 26 conference necessitated this motion. Although in *ME2* the Plaintiff also submitted a motion requesting early discovery to serve third party subpoenas, this request was merely for serving the Internet Service Provider to obtain the identity of the subscribers of the Internet Protocol addresses where the infringements occurred similarly to other infringement cases. *See* ME2 at Doc. #6.

Plaintiff concedes that it is also a party, and represented by same Plaintiff's counsel, in the infringement action captioned *Venice PI, LLC et al. v. Galbatross Technologies, LLP et al.* where Plaintiffs made a similar motion for early discovery on website registrars and registrant service. *See Venice PI, LLC et al. v. Galbatross Technologies, LLP et al.,* U.S. District Court, District of Hawaii, Case No. 1:18-cv-00192-LEK-KSC, Doc. #20 (hereafter: "*Venice*"). However, rather than including identical memorandums of points and authorities, the memorandum accompanying the motion for early discovery in the present case addressed the concerns raised by

the Court in *Venice* in denying Plaintiffs' request for early discovery. *See* [Doc. #11-1 at pg. 10].

In summary, although the present case may follow the same procedure as other cases such as *ME2*, the legal arguments and assertions made in the present cases are completely different than the other copyright infringement cases associated with Plaintiff's counsel with the exception of *Venice*. The present case and *Venice* are unique in which they are one of the few copyright infringement cases in which a Plaintiff has successfully forced a distributor of a BitTorrent protocol software application to cease distribution. Accordingly, an attorney's fees of $3,962.50 and taxes of $144.04 should be appropriate.

## III.   CONCLUSION.

For the reasons set forth above, Plaintiff respectfully requests that the Court modify the Recommendation and: issue an award of attorney's fees in the amount of $3,962.50 and Hawaii General Excise Tax related to those fees in the amount of $144.04; and permanently enjoin Defendant from directly and contributorily infringing Plaintiff's copyrighted Work.

DATED: Kailua-Kona, Hawaii, December 17, 2018.

CULPEPPER IP, LLLC

/s/ Kerry S. Culpepper
Kerry S. Culpepper

Attorney for Plaintiff
Bodyguard Productions, Inc.