IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BODYGUARD PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> DOE 1 dba showboxappdownload.com; KEITH NORTON, <br><br> Defendants. | CIVIL NO. 18-00276 JAO-RLP <br><br> ORDER ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT KEITH NORTON |

ORDER ADOPTING THE MAGISTRATE JUDGE'S FINDINGS
AND RECOMMENDATION TO GRANT IN PART AND
DENY IN PART PLAINTIFF'S MOTION FOR DEFAULT
JUDGMENT AGAINST DEFENDANT KEITH NORTON

Before the Court is Plaintiff Bodyguard Productions, Inc's ("Plaintiff") Written Objections to Magistrate Judge's Findings and Recommendations Granting in Part and Denying in Part Plaintiff's Motion for Default Judgment Against Defendant Keith Norton, filed December 17, 2018. Doc. No. 34. After careful consideration of the Magistrate Judge's Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Motion for Default Judgment Against Defendant Keith Norton ("F&R"), Doc. No. 33, the Objections, and the applicable law, the Court ADOPTS the F&R in its entirety for the reasons set forth below.

## BACKGROUND

Plaintiff, the registered copyright owner of the motion picture "The Hitman's Bodyguard" ("the Work"), initiated this action against Defendants, alleging copyright infringement. Plaintiff alleges that Defendant Keith Norton ("Defendant"), a Maui resident, used the BitTorrent client software application Show Box to duplicate and distribute the Work. Compl. at ¶¶ 20-24.

On August 27, 2018, Plaintiff filed a Rule 55(a) Request for Clerk to Enter Default Against Keith Norton. Doc. No. 16. The Clerk entered default against Defendant the next day. Doc. No. 17.

On November 13, 2018, Plaintiff filed a Motion for Default Judgment Against Defendant Keith Norton. Doc. No. 28.

On December 12, 2018, the Magistrate Judge issued his F&R, wherein he recommended that default judgment enter against Defendant. Doc. No. 33 at 5-8. He also recommended that the request for an order that Defendant destroy all copies of the Work and file-sharing software be granted; that Plaintiff be awarded $750 in statutory damages; and that Plaintiff be awarded $303 in costs. *Id.* at 10-11, 13. Relating to the present Objections, the Magistrate Judge determined that a permanent injunction is inappropriate because

> Plaintiff provides no evidence that Defendant Norton currently possesses the infringed work, or any illegally downloaded works. Plaintiff provides no evidence that Defendant Norton currently possesses or uses any file-sharing

> software. Plaintiff has not provided evidence that Defendant
> Norton is committing an ongoing infringement. Therefore,
> Plaintiff has not established irreparable harm, lack of adequate
> remedies at law, or that the balance of hardships favors
> Plaintiff.

*Id.* at 10. In addition, the Magistrate Judge recommended an award of $250 in attorneys' fees, reduced from Plaintiff's $3,962.50 request. *Id.* at 13.

The present Objections followed. Defendant did not file a response to the Objections.

## LEGAL STANDARD

Magistrate judges may be assigned to prepare findings and recommendations of pretrial matters dispositive of a claim or defense. Fed. R. Civ. P. 72(b)(1). Parties may object to a magistrate judge's findings and recommendation. *Id.*; Local Rule 74.2. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); Local Rule 74.2; 28 U.S.C. § 636(b)(1). Under a de novo standard, there is no deference to the lower court's ruling; rather, the Court "freely consider[s] the matter anew, as if no decision had been rendered below." *Dawson v. Marshall*, 561 F.3d 930, 933 (9th Cir. 2009) (alteration in original); *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006).

# DISCUSSION

Plaintiff objects to two of the Magistrate Judge's findings: (1) that it is not entitled to a permanent injunction and (2) that its request for attorneys' fees and tax be limited to $250. The Court addresses each in turn.

A. <u>Plaintiff's Entitlement to a Permanent Injunction</u>

In its Motion for Default Judgment, Plaintiff requested a permanent injunction barring Defendant from directly and contributorily infringing Plaintiff's copyright in the Work and ordering Defendant to refrain from knowingly and willfully using the internet for copying or downloading the Work in the future. Doc. No. 28 at 14. Plaintiff argues that the Magistrate Judge improperly determined that it provided no evidence that Defendant currently possesses the work, any illegally downloaded work, the file-sharing software, or is committing ongoing infringement. Plaintiff asserts that it is entitled to a permanent injunction because (1) the infringement caused by the Show Box app is by its nature irreparable; (2) it was unable to determine if Defendant is continuing to infringe the Work because of his refusal to communicate; (3) there is a high likelihood that continuing violations of its copyright would occur if Defendant is not enjoined; (4) the default judgment established Defendant's liability; and (5) irreparable harm is presumed in copyright infringement actions where there is success on the merits

and the Court should therefore infer that Defendant continues to be in possession of the Work and files.

Section 1116(a) of Title 15 of the U.S. Code "vests the district court with the 'power to grant injunctions according to principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right' of the trademark owner." *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1137 (9th Cir. 2006). The decision to grant permanent injunctive relief "is 'an act of equitable discretion by the district court, reviewable on appeal for abuse of discretion.'" *Id.* (citation omitted). The Copyright Act authorizes the court to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a).

A plaintiff is required to satisfy the following four-factor test to obtain a permanent injunction:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *Cottonwood Envtl. Law Ctr. v. U.S. Forest Serv.*, 789 F.3d 1075, 1088 (9th Cir. 2015). "As a general rule, a permanent injunction will be granted when liability has been established and

there is a threat of continuing violations." *MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 520 (9th Cir. 1993) (citations omitted).

After de novo review, this Court adopts the Magistrate Judge's determination that Plaintiff is not entitled to a permanent injunction. First, Plaintiff's contention that irreparable harm is presumed is unsupported by governing law.[1] In copyright infringement cases, the Ninth Circuit requires a plaintiff to "demonstrate a likelihood of irreparable harm as a prerequisite for injunctive relief, whether preliminary or permanent." *Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.*, 654 F.3d 989, 998 (9th Cir. 2011). As noted by the Magistrate Judge, Plaintiff has not provided evidence that Defendant currently possesses or uses any file-sharing software, nor evidence that Defendant is committing an ongoing infringement. Plaintiff cannot simply rely on the Magistrate Judge's recommendation to grant default judgment with respect to its claims against Defendant.[2]

---

[1] Plaintiff cites *A&M Records, Inc. v. Napster, Inc.*, 114 F. Supp. 2d 896, 925 (N.D. Cal. 2000) for this proposition. Although the Ninth Circuit had a "long-standing practice of presuming irreparable harm upon the showing of likelihood of success on the merits in a copyright infringement case," *Flexible Lifeline*, 654 F.3d at 995, said practice is no longer good law following *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006) and *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008).

[2] Plaintiff incorrectly states that default judgment was granted. Doc. No. 34 at 5. The Magistrate Judge issued an F&R, not an order.

Furthermore, as explained above, Plaintiff is not entitled to a presumption of irreparable harm. Neither is Plaintiff entitled to an inference that Defendant is still in possession of the Work and files. Plaintiff erroneously argues that it is entitled to a permanent injunction because liability has been established and Defendant has not asserted that he is no longer using the Show Box app. Plaintiff bears the burden of demonstrating entitlement to an injunction; it is not Defendant's burden to disclaim present use of the Show Box app.

The Court recognizes that Defendant's failure to participate in the action and refusal to communicate with Plaintiff has somewhat impaired Plaintiff's ability to obtain discovery and other information concerning Defendant's conduct and his possession and/or usage of file-sharing software. However, this does not relieve Plaintiff of its burden to establish irreparable injury or any other element required to obtain a permanent injunction.

Second, Plaintiff has not argued, much less demonstrated, that remedies available at law are inadequate. The Magistrate Judge recommended a $750 statutory damages award, finding that these "minimum statutory damages are appropriate to deter and punish Defendant Norton's conduct and to compensate Plaintiff." Doc. No. 33 at 11. Plaintiff has not objected to the damages award and has not asserted that the damages are inadequate to compensate Plaintiff for any injuries.

Third, Plaintiff has not demonstrated that the balance of hardships weighs in its favor or that the public interest would not be disserved by a permanent injunction. Plaintiff submits that there is a high likelihood of continuing violations of its copyright if Defendant is not enjoined. The Magistrate Judge recommended that Plaintiff's request for an order requiring Defendant to destroy all copies of the Work and file-sharing software be granted. Doc. No. 33 at 10-11. This should sufficiently address Plaintiff's concerns and prevent any continuing violations of its copyright in the Work by Defendant.

Based on the foregoing, the Court adopts the Magistrate Judge's recommendation that Plaintiff's request for a permanent injunction be denied.

B. Plaintiff's Fee Request

Plaintiff also argues that it is entitled to $3,962.50 in attorneys' fees and $144.04 in General Excise Tax. The Magistrate Judge concluded that the $250 hourly rate requested by Plaintiff's counsel was reasonable, but that the 13.85 requested hours were unreasonable. *Id.* at 11-12. He ultimately determined that one hour appropriately compensated Plaintiff's counsel for the work reasonably completed in this case. *Id.* at 13.

The Copyright Act authorizes the Court to award costs and reasonable attorneys' fees to the prevailing party. 17 U.S.C. § 505. Section "505 confers broad discretion on district courts and, in deciding whether to fee-shift, they must

8

take into account a range of considerations beyond the reasonableness of litigating positions." *Kirtsaeng v. John Wiley & Sons, Inc.*, __ U.S. __, 136 S. Ct. 1979, 1988 (2016). A plaintiff in a copyright infringement case "will ordinarily be regarded as the prevailing party if he succeeds at trial in establishing the defendant's liability, even if the damages awarded are nominal or nothing." *Wall Data Inc. v. Los Angeles Cty. Sheriff's Dep't*, 447 F.3d 769, 787 (9th Cir. 2006) (quoting Nimmer on Copyright § 14.10 [B], at 14-176 to -177). In applying § 505, "district courts are charged with two tasks: first, deciding whether an award of attorneys' fees is appropriate and second, calculating the amount of fees to be awarded." *The Traditional Cat Ass'n, Inc. v. Gilbreath*, 340 F.3d 829, 832-33 (9th Cir. 2003).

The Supreme Court has provided the following nonexclusive list of factors to consider when making a fee determination: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1037 (9th Cir. 2018) (citations and quotations omitted). The Ninth Circuit has "added factors that 'may be considered' and 'need not all be met': the degree of success obtained in the litigation, the purposes of the Copyright Act, and 'whether the chilling effect of attorney's fees may be too great or impose an

9

inequitable burden on an impecunious [litigant].'" *Id.* (quoting *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 675 (9th Cir. 2017)) (alteration in original). Substantial weight should be accorded to the "reasonableness of [the] losing party's legal and factual arguments." *Id.* (quoting *Shame On You Prods., Inc. v. Banks*, 893 F.3d 661, 666 (9th Cir. 2018)) (alteration in original). "Although objective reasonableness carries significant weight, courts must view all the circumstances of a case on their own terms, in light of the Copyright Act's essential goals."[3] *Kirtsaeng*, __ U.S. __, 136 S. Ct. at 1989.

1. <u>Entitlement to Fees</u>

The Court agrees with the Magistrate Judge's determination that the foregoing factors support an award of reasonable attorneys' fees. Plaintiff's claims are not frivolous and the factual and legal arguments advanced by Plaintiff appear

---

[3] The Ninth Circuit previously held that "[t]he most important factor in determining whether to award fees under the Copyright Act, is whether an award will further the purposes of the Act." *Mattel, Inc v. MGA Entm't, Inc.*, 705 F.3d 1108, 1111 (9th Cir. 2013). However, after *Kirtsaeng v. John Wiley & Sons, Inc.*'s "endorsement of a 'totality of circumstances' approach and its statement that the losing party's reasonableness carries 'significant weight,' it is unclear whether [this] factor remains the 'most important' one." *Glacier Films*, 896 F.3d at 1040-41 (quoting *Kirtsaeng*, __ U.S. at __, 136 S. Ct. at 1989). Notwithstanding its concerns about the significance of said factor, the Ninth Circuit ultimately concluded that "because the guiding principles of the Copyright Act run throughout the other factors, it remains important." *Id.* at 1041.

10

to be objectively reasonable.[4] Moreover, by obtaining a determination that default judgment should enter in its favor, Plaintiff has achieved success on its infringement claims against Defendant. *Glacier Films*, 896 F.3d at 1038 ("Actual success in an infringement action involves establishing the defendant's liability."). The fact that the requested fees exceed the recommended $750 statutory damages award is inconsequential, as a reasonableness determination "requires a separate determination of an amount, which may consider the hours worked among other factors." *Id.* (explaining that comparing the statutory damages award with the fee request erroneously "mixes and matches actual success with the determination of a reasonable fee award. Actual success in an infringement action involves establishing the defendant's liability"). Indeed, "a 'small award for damages,' without fees, may be 'insufficient to deter future copyright infringements.'" *Id.* (*Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1432 (9th Cir. 1996); *Wall Data Inc.*, 447 F.3d at 787). Accordingly, Plaintiff is entitled to an award of reasonable attorneys' fees.

 2. Fee Award

Having concluded that Plaintiff is entitled to an award of attorneys' fees, the Court turns to the reasonableness of the award.

---

[4] The Court cannot assess the reasonableness of Defendant's legal and factual arguments because he did not respond to the allegations against him.

"When calculating the amount of attorney fees to be awarded in a litigation, the district court applies the lodestar method, multiplying the number of hours reasonably expended by a reasonable hourly rate." *Ryan v. Editions Ltd. W., Inc.*, 786 F.3d 754, 763 (9th Cir. 2015) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The court must also decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), which have not already been subsumed in the lodestar calculation. *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000) (citation omitted).

The *Kerr* factors are as follows:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr*, 526 F.2d at 70. Factors one through five have been subsumed in the lodestar calculation. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n.9 (9th Cir. 1996). Once calculated, the "lodestar" is presumptively reasonable. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 728 (1987); *see*

12

*also Fischer*, 214 F.3d at 1119 n.4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

    a. Hourly Rate

The Court first considers the $250 hourly rate recommended by the Magistrate Judge. Based on the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill and reputation, and the hourly rates typically granted in this district, the Court adopts the Magistrate Judge's recommendation to award counsel a $250 hourly rate. Judges within this district have consistently determined that $250 is a reasonably hourly rate for counsel. *See, e.g.*, *ME2 Prods., Inc. v. Pagaduan*, No. CV 17-000130 SOM/KJM, 2018 WL 1069463, at *2 (D. Haw. Feb. 27, 2018) (awarding Mr. Culpepper an hourly rate of $250); *Cook Prods., LLC v. Szerlip*, No. CV 16-00637 HG-KSC, 2017 WL 4883220, at *5 (D. Haw. Oct. 30, 2017) ("An hourly rate at $250 (including taxes), is reasonable and closer to what has been awarded to attorneys practicing in Hawaii with similar experience and what Culpepper was recently awarded in a similar case."); *ME2 Prods., Inc. v. Pumaras*, No. CV 17-00078 SOM-RLP, 2017 WL 4707015, at *7 (D. Haw. Oct. 19, 2017) (capping Mr. Culpepper's hourly rate at $250 including taxes); *Cook Prods., LLC v. Stewart*, No. CV 17-00034 ACK-RLP, 2017 WL 4797513, at *6 (D. Haw. Oct. 24, 2017) (same).

### b. Hours Reasonably Expended

The Court also adopts the Magistrate Judge's finding that Plaintiff's counsel reasonably expended one hour working on this case. Contrary to Plaintiff's assertion, it recycles work product and should not be repeatedly compensated for form pleadings and other documents. Plaintiff argues that the Magistrate Judge's reliance on *ME2 Prods., Inc. v. Pumaras*, No. CV 17-00078 SOM/RLP, 2017 WL 4707015, at *7 (D. Haw. Oct. 19, 2017) was improper because *ME2*'s reasoning for limiting fees was flawed. Plaintiff contends that cases should be judged on their own merits.

Adjudging this issue de novo, this Court finds that one hour represents the time reasonably spent on this case. The Magistrate Judge cited *ME2* for the proposition that "most of the documents prepared by counsel in these infringement actions are based on form documents submitted to the court in other cases."[5] Doc. No. 33 at 12. This is true, and Plaintiff concedes as much, though it attempts to distinguish this action from the majority of cookie-cutter actions filed by its counsel in this district. Plaintiff acknowledges that this action follows a similar

---

[5] Plaintiff draws a lengthy and unnecessary distinction between this case and *ME2*, when the general point is irrefutable–Plaintiff's counsel has appeared and continues to appear in many actions in this district and it is widely recognized that he submits nearly identical pleadings and motions in these actions. Indeed, even Plaintiff admits that "the present case . . . follow[s] the same procedure as other cases such as *ME2*." Doc. No. 34 at 10.

track as *Venice PI, LLC v. Galbatross Technologies, LLC*, Civil No. 18-00192 LEK-RT, but claims that counsel created different work product in this action to address concerns raised by the court in *Venice PI*. The Court has reviewed the motions for early discovery in both cases and finds that they are substantially similar, with many passages copied verbatim from the motions for early discovery in *Venice PI*.[6]

In determining the reasonableness of a fee award, the Court is obligated to ensure that compensation is appropriate. Plaintiff conflates the standards for awarding fees and determining the reasonableness of fees. Neither the Magistrate Judge nor this Court indiscriminately denies entitlement to fees based on the existence of multiple actions involving Plaintiff's counsel. Rather, the Magistrate Judge's reduction of hours was attributed to the fact that this case "follows substantially the same procedure as several other cases previously heard before this Court." Doc. No. 33 at 13. Even a cursory review of other cases involving Plaintiff's counsel reveals that he recycles pleadings and motions and continues to

---

[6] In *Venice PI*, the plaintiff was criticized for filing a Second Ex Parte Motion for Leave to Serve Third Party Subpoena Prior to a Rule 26(f) Conference that was virtually identical to the plaintiff's Ex Parte Motion for Leave to Serve Third Party Subpoena Prior to a Rule 26(f) Conference, which was denied and again denied following appeal to the district judge. This is one of many examples of Plaintiff's counsel's use of form documents, which the Magistrate Judge and the *ME2* court recognized.

15

engage in this practice.  This Court therefore adopts the Magistrate Judge's recommendation to compensate Plaintiff for one hour of work.  Reductions to counsel's requested hours are necessary and the reduced amount accurately reflects the time reasonably and necessarily incurred in this action.  Plaintiff cannot expect to be compensated for time expended by counsel for recycled work product.  Given counsel's $250 hourly rate and the one hour found to be reasonably expended, Plaintiff is entitled to $250 in attorneys' fees.

## CONCLUSION

Based on the foregoing, the Court ADOPTS the F&R in its entirety.

IT IS SO ORDERED.

DATED:   Honolulu, Hawai'i , February 21, 2019.

Jill A. Otake
United States District Judge

Civil No. 18-00276 JAO-RLP; *BODYGUARD PRODS., INC. V. DOE 1, ET AL.*; ORDER ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART  PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT KEITH NORTON

16