IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BODYGUARD PRODUCTIONS, INC., | ) ) | CIVIL NO. 18-00276 JAO-RLP |
| | ) | ORDER DENYING PLAINTIFF'S |
| Plaintiff, | ) | MOTION FOR RECONSIDERATION |
| | ) | OF ORDER ADOPTING THE |
| vs. | ) | MAGISTRATE JUDGE'S FINDINGS |
| | ) | AND RECOMMENDATION TO |
| DOE 1 dba | ) | GRANT IN PART AND DENY IN PART |
| showboxappdownload.com; KEITH | ) | PLAINTIFF'S MOTION FOR DEFAULT |
| NORTON, | ) | JUDGMENT AGAINST DEFENDANT |
| | ) | KEITH NORTON |
| Defendants. | ) | |
| | ) | |

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF
ORDER ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND
RECOMMENDATION TO GRANT IN PART AND DENY IN PART
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST
DEFENDANT KEITH NORTON

Before the Court is Plaintiff Bodyguard Productions, Inc's ("Plaintiff")

Motion for Reconsideration of Order [Doc. #35] Adopting the Magistrate Judge's

Findings and Recommendation [Doc. # 33], filed March 4, 2019. This matter shall

be decided without a hearing pursuant to Rule 7.2(e) of the Local Rules of Practice

for the U.S. District Court for the District of Hawaii. For the reasons articulated

below, the Court DENIES the Motion.

## BACKGROUND

On December 12, 2018, the Magistrate Judge issued a Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Motion for Default Judgment Against Defendant Keith Norton ("F&R"). Doc. No. 33.

On December 17, 2018, Plaintiff filed Written Objections to Magistrate Judge's Findings and Recommendations Granting in Part and Denying in Part Plaintiff's Motion for Default Judgment Against Defendant Keith Norton. Doc. No. 34.

On February 21, 2019, the Court issued an Order Adopting the Magistrate Judge's Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Motion for Default Judgment Against Defendant Keith Norton ("Order"). Doc. No. 35. Default Judgment entered the same day. Doc. No. 36

The present Motion followed. Doc. No. 37.

## DISCUSSION

Plaintiff moves for reconsideration of the Order pursuant to Federal Rule of Civil Procedure ("FRCP") 59(e). In particular, Plaintiff argues that the Court's conclusion regarding the hours reasonably expended in the action was based on a manifest error of fact.

FRCP 59(e) allows parties to file a motion to alter or amend judgment within 28 days after the entry of judgment and permits a district court to reconsider and

2

amend a previous order. Fed. R. Civ. P. 59(e). A successful motion for reconsideration must accomplish two goals. "First, a motion for reconsideration must demonstrate some reason why the Court should reconsider its prior decision. Second, the motion must set forth facts or law of a 'strongly convincing' nature to induce the court to reverse its prior decision." *Jacob v. United States*, 128 F. Supp. 2d 638, 641 (D. Haw. 2000) (citing *Decker Coal Co. v. Hartman*, 706 F. Supp. 745, 750 (D. Mont. 1988)) (citation omitted). Mere disagreement with a court's analysis in a previous order is not a sufficient basis for reconsideration. *White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (citing *Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572 (D. Haw. 1988)); *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)); *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) ("Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion.").

The Ninth Circuit has identified grounds justifying reconsideration under FRCP 59(e):

> In general, there are four basic grounds upon which a Rule
> 59(e) motion may be granted: (1) if such motion is necessary to
> correct manifest errors of law or fact upon which the judgment
> rests; (2) if such motion is necessary to present newly
> discovered or previously unavailable evidence; (3) if such
> motion is necessary to prevent manifest injustice; or (4) if the
> amendment is justified by an intervening change in controlling
> law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). While a Rule

59(e) motion is not limited to those four grounds, alteration or amendment of a

judgment is "an extraordinary remedy which should be used sparingly." *Id.*

(quoting *McDowell*, 197 F.3d at 1255 n.1). "A Rule 59(e) motion may not be used

to raise arguments or present evidence for the first time when they could

reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342

F.3d 934, 945 (9th Cir. 2003) (citation omitted) (citing *Kona Enters.*, 229 F.2d at

890).

In the present case, there is no basis for reconsideration. Plaintiff proffers

that the Court erroneously determined that counsel recycled work product.

According to Plaintiff, counsel could not have recycled work product because it

filed a motion for early discovery in this case on July 31, 2018, while the second

motion for early discovery in *Venice PI, LLC v. Galbtross Technologies, LLC*,

Civil No. 18-00192 LEK-RT was filed on August 3, 2018. Plaintiff

mischaracterizes the Order as determining that the motion for early discovery in

this case was substantially similar to the second motion for early discovery in *Venice PI*. Mot. at 4.

In the Order, the Court stated that it "has reviewed the motions for early discovery in both cases and finds that they are substantially similar, with many passages copied verbatim from the motions for early discovery in *Venice PI*." Order, Doc. 35 at 15. The Court further observed in a footnote that Plaintiff's counsel utilizes form documents:

> In *Venice PI*, the plaintiff was criticized for filing a Second Ex Parte Motion for Leave to Serve Third Party Subpoena Prior to a Rule 26(f) Conference that was virtually identical to the plaintiff's Ex Parte Motion for Leave to Serve Third Party Subpoena Prior to a Rule 26(f) Conference, which was denied and again denied following appeal to the district judge. This is one of many examples of Plaintiff's counsel's use of form documents, which the Magistrate Judge and the *ME2* court recognized.

*Id.* at 15 n.6. The Court did not conclude that the substantial similarity between the **motion for early discovery in this case** and the **second motion for early discovery in *Venice PI*** was the basis for the reduction in hours reasonably expended.

Rather, the Court compared the **motions** in both cases, including the original motion for early discovery in *Venice PI*. The original motion for early discovery in *Venice PI* was filed on **May 23, 2018**,[1] more than **two months prior** to the motion

---

[1] Plaintiff misidentified the date as May 23, 2019. Mot. at 4.

for early discovery in this case. Indeed, in its objections to the F&R, Plaintiff asserted that the motion for early discovery in this case addressed the concerns raised by the *Venice PI* court's order denying the motion for early discovery. Doc. No. 34 at 9-10. Despite counsel's purported effort to address deficiencies, the motion for early discovery in this case was substantially similar to the original motion for early discovery in *Venice PI*. The second motion for early discovery in *Venice PI*, which was nearly identical to the original motion, was filed on August 3, 2018, three days after the motion for early discovery in this case.[2] Although the Court did not rely on the second order for early discovery in *Venice PI* as the primary basis for comparison, the fact that the second motion was nearly identical to the original motion for early discovery and the motion for early discovery in this case evinces counsel's widely-recognized practice of recycling work product and utilizing form pleadings. Counsel should not be compensated for the time "preparing" a previously-drafted document.

---

[2] Plaintiff claims that it does not wish to belabor the point that the motions for early discovery are dissimilar, Mot. at 4, but that is precisely what it has done by filing this Motion. Both this Court and Magistrate Judge Chang (in *Venice PI*) found that the motions were substantially similar. Plaintiff clearly disagrees with the Order and prior findings, but its disagreement is not a legitimate basis for reconsideration.

For these reasons, there is no error, much less manifest error of fact, warranting reconsideration. Mere disagreement with the Order does not provide a basis for reconsideration.

Plaintiff also argues that the Court failed to consider certain time entries and failed to sufficiently detail the reductions imposed. The lack of explanation about the reasonableness of each time entry does not support reconsideration. *Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992) (quoting *In re "Agent Orange" Product Liability Litigation*, 818 F.2d 226, 237-38 (2d Cir. 1987) ("no item-by-item accounting of the hours disallowed is necessary or desirable")). District courts are required "to provide a concise but clear explanation of its reasons for the fee award." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The "concise but clear" language simply requires the district court to provide "some indication of how it arrived at the amount of compensable hours for which fees were awarded to allow for meaningful appellate review" and to offer a brief explanation of how it arrived at its figures. *Gates*, 987 F.2d at 1398 (citations omitted).

Plaintiff cites *Moreno v. City of Sacramento*, 534 F.3d 1106 (9th Cir. 2008), for the proposition that the Court was required to specifically articulate why the time spent on certain tasks was not reasonable. "Where the difference between the lawyer's request and the court's award is relatively small, a somewhat cursory

explanation will suffice. But where the disparity is larger, a more specific articulation of the court's reasoning is expected." *Id.* at 1111.

This Motion appears to be an attempt to rehash arguments already considered and rejected by the Court. The Court sufficiently explained why counsel's hours were reduced and it declines to expand its reasoning here. *Gates*, 987 F.2d at 1398 (citations omitted) ("The district court has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, [the appellate court] defer[s] to its determination, including its decision regarding the reasonableness of the hours claimed by the prevailing party."). Given the limited hours and fees at issue, the Court's prior discussion more than sufficed; an entry-by-entry discussion was not required. Moreover, Plaintiff itself failed to raise the arguments regarding specific time entries in its objections to the F&R, despite the Magistrate Judge's brief explanation regarding the reduction to counsel's hours. Plaintiff cannot use this Motion to raise arguments that could have been asserted in the motion for default judgment and the written objections to the F&R. *Carroll*, 342 F.3d at 945.

Notably, this is the **third** motion/document in this action involving the same general arguments regarding counsel's fees. Considering the minimal hours at issue, counsel has devoted a disproportionate amount of time repeatedly pursuing a full fee award. Even after the issuance of an F&R and Order significantly reducing

his hours, counsel still insists he is entitled to all requested fees. This demonstrates counsel's lack of judiciousness and supports the Court and other judges' findings that counsel's expenditure of time does not mean his claimed hours were reasonably incurred, or that the requested compensation is justified.[3]

Emphasizing that alteration or amendment of a judgment is an "an extraordinary remedy which should be used sparingly," *Allstate Ins. Co.*, 634 F.3d at 1111, and exercising is broad discretion, the Court DENIES the Motion. Plaintiff has not demonstrated any reason why the Court should reconsider the

---

[3] Although this case and *Venice PI* may represent a subset of copyright infringement cases, counsel's practice of recycling work product in multiple copyright infringement cases in this district has repeatedly resulted in the reduction of his requested hours. *See, e.g.*, *Cook Prods., LLC v. Stewart*, No. CV 17-00034 ACK-RLP, 2017 WL 4797513, at *7 (D. Haw. Oct. 24, 2017) (reducing counsel's request for fees due in part to the similarity between documents in that case and others and because preparation did no require much legal skill or effort); *Cook Prods., LLC v. Szerlip*, No. CV 16-00637 HG-KSC, 2017 WL 4883220, at *6 (D. Haw. Oct. 30, 2017) (reducing hours for excessive/duplicative work); *ME2 Prods., Inc. v. Pumaras*, No. CV 17-00078 SOM/RLP, 2017 WL 4707015, at *7 (D. Haw. Oct. 19, 2017) (reducing a $2,187.36 fee request to $250, which represents one hour of work, due to excessiveness because the filed "documents were based on form documents already submitted to this court in another case, meaning that, for the most part, counsel for ME2 was simply changing a few facts when submitting documents to the court"); *ME2 Prods., Inc. v. Pagaduan*, No. CV 17-00130 SOM-KJM, 2017 WL 8786920, at *10 (D. Haw. Dec. 29, 2017) (reducing requested 10.2 hours to 3.5 hours due in large part to excessiveness; namely similarity of motions and tasks to other "cookie-cutter" BitTorrent cases), *report and recommendation adopted as modified*, No. CV 17-000130 SOM/KJM, 2018 WL 1069463, at *2 (D. Haw. Feb. 27, 2018) (modifying findings and recommendation to further reduce fee award to reflect dismissal of LHF's Productions' claims against Pagaduan).

Order, nor has it set forth facts or law of a "strongly convincing" nature to induce the Court to reverse its Order.

## CONCLUSION

Based on the foregoing, the Court DENIES Plaintiff's Motion for Reconsideration of Order [Doc. #35] Adopting the Magistrate Judge's Findings and Recommendation [Doc. # 33], filed March 4, 2019.

IT IS SO ORDERED.

DATED:     Honolulu, Hawai'i, March 7, 2019.

Jill A. Otake
United States District Judge

Civil No. 18-00276 JAO-RLP; *BODYGUARD PRODS., INC. V. DOE 1, ET AL.*; ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT KEITH NORTON

10